# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **RON WHITEHEAD,** | : | |
| | : | |
| Plaintiff, | : | **CIVIL ACTION FILE NO.** |
| | : | **1:17-cv-03305-TWT-AJB** |
| v. | : | |
| | : | |
| **KAYMAR WILLIAMS** | : | |
| *and all others*, | : | |
| | : | |
| Defendants. | : | |

## UNITED STATES MAGISTRATE JUDGE'S ORDER
## AND FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned for consideration of Defendant's application to proceed *in forma pauperis* ("IFP"), filed along with his notice of removal of a state court dispossessory proceeding from the Magistrate Court of Clayton County. [Doc. 1]. The Court **GRANTS** the application and **RECOMMENDS** that this matter be **REMANDED** to the Magistrate Court of Clayton County.

## I. *Introduction*

On November 10, 2016, Plaintiff Ron Whitehead filed a dispossessory proceeding against Defendant Kaymar Williams and all others in the Magistrate Court of Clayton County, seeking possession of the premises at 637 Belle Grove Drive,

Jonesboro, Georgia 30238 ("the Property"). [Doc. 1-1 at 5].[1] Service of process was accomplished by the sheriff on November 21, 2016. [*Id.*]. Defendant removed the action to this Court on August 31, 2017, contending that this Court has federal-question jurisdiction to hear this dispute. [Doc. 1-1 at 2].

## II.    *IFP Application*

In the IFP application, Defendant attests that to having no income, assets, debts, dependents, employment, or money in any bank accounts. [Doc. 1 at 2-3]. Defendant listed monthly expenses of $1,200 in rent, $400 in utilities, $100 in home maintenance, $100 in food, $100 in medical/dental expenses, and $100 in transportation, totaling $2,000. [*Id.* at 5]. However, as this case arose from a dispossessory action, it is unclear if Defendant is actually spending $1,200 on monthly rent. [*See* Doc. 1-1 at 5].

Pursuant to 28 U.S.C. § 1915(a), the Court "may authorize the commencement . . . of any suit, action, or proceeding . . . without payment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[2] possesses that the person is unable to pay such

---

[1]    The Magistrate Court of Clayton County assigned the case No. 2016CM26104. [Doc. 1-1 at 5].

[2]    Although Congress used the word "prisoner" here, § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*,

2

fees or give security therefor." *Id.* § 1915(a). This section is intended to provide indigent litigants with meaningful access to courts. *Adkins v. E.I. duPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1988); *see also Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (Section 1915 is designed to ensure "that indigent persons will have equal access to the judicial system.").

Thus, § 1915 authorizes suits without the prepayment of fees and costs for indigent litigants. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). It bears emphasizing that § 1915 creates no absolute right to proceed in civil actions without payment of costs. Instead, the statute conveys only a privilege to proceed to those litigants unable to pay costs without undue hardship. *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).[3] Moreover, while the privilege of proceeding *in forma pauperis* does not require a litigant to demonstrate absolute destitution, it is also clear that "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed *in forma pauperis*." *Levy v. Federated Dep't*

---

364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

3

*Stores*, 607 F. Supp. 32, 35 (S.D. Fla. 1984); *Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968). The affidavit required by the statute must show an inability to prepay fees and costs without foregoing the basic necessities of life. *Adkins*, 335 U.S. at 339; *Zuan v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980).

As it presently reads, Defendant's financial affidavit supports a finding of indigency sufficient to excuse the prepayment of the fees and costs of filing this lawsuit due to Defendant having no monthly income. [Doc. 1 at 1-2]. The Court, however, suspects that the financial affidavit is not correct or incomplete in material respects. For example, Defendant reports rental expenses, [*id.* at 4], while simultaneously removing a state dispossessory case to this Court. As a result, the Court doubts that the current financial affidavit is an accurate report of Defendant's current financial condition.

Be that as it may, the nature of the underlying state court action reflects that Defendant is in imminent threat of being evicted for a relatively small past-due balance, indicating that Defendant in fact cannot afford to pay the fees and costs associated with commencing this removal action in this Court.

Accordingly, Defendant's IFP application, [Doc. 1], is **GRANTED** for purposes of this action only.

AO 72A
(Rev.8/82)

### *III. Frivolity Determination*

Having found that Defendant is entitled to proceed IFP, the Court must conduct a frivolity review. Under 28 U.S.C. § 1915(e)(2)(B), a "district court must dismiss an *in forma pauperis* complaint at any time if it determines that the action 'is frivolous or malicious.' " *Jackson v. Farmers Ins. Group/Fire Ins. Exchange*, 391 Fed. Appx. 854, 856 (11th Cir. Aug. 12, 2010) (quoting § 1915(e)(2)(B)(i)); *Robert v. Garrett*, No. 3:07-cv-625, 2007 WL 2320064, *1 (M.D. Ala. Aug. 10, 2007) (observing that court must "*sua sponte* dismiss [an indigent non-prisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune"); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.' " *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)); *see also Neitzke*, 490 U.S. at 325 (holding that a complaint "is frivolous where it lacks an arguable basis either in law or in fact"). "A case is frivolous if the factual allegations are 'clearly baseless,' or if it is based on an 'indisputably meritless' legal theory. *Jackson*, 391 Fed. Appx. at 856 (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)) (quotation marks omitted in original). Additionally, § 1915 "accords judges not only the authority to dismiss a claim based on an

5

AO 72A
(Rev.8/82)

indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Bilal*, 251 F.3d at 1349 (quoting *Neitzke*, 490 U.S. at 327).

A complaint is deemed "frivolous" under § 1915 where there is no subject matter jurisdiction. *Davis v. Ryan Oaks Apartment*, 357 Fed. Appx. 237, 238-39 (11th Cir. Dec. 17, 2009); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." (citation omitted)); *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as frivolous under § 1915 where subject matter jurisdiction is lacking). Independent of the Court's duty under § 1915(e) to evaluate the claim of a party proceeding IFP, the Court also has an obligation to insure that subject matter jurisdiction exists. " 'Subject matter jurisdiction . . . refers to a tribunal's power to hear a case.' " *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 891 (11th Cir. 2013) (quoting *Morrison v. Nat'l Australia Bank, Ltd.*, 561 U.S. 247, 254 (2010)). "As the Federal Rules of Civil Procedure state, 'If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.' " *Williams v. Warden, Federal Bureau of Prisons*, 713 F.3d 1332, 1337-38 (11th Cir. 2013) (quoting

6

Fed. R. Civ. P. 12(h)(3)); *accord Gonzalez v. Thaler*, 586 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."); *id.* ("Subject-matter jurisdiction can never be waived or forfeited."); *see also Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking.") (quotation marks omitted).

The Court must liberally construe *pro se* pleadings, holding them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation omitted). However, the leniency afforded *pro se* litigants does not give the courts license to serve as *de facto* counsel or permit them to rewrite an otherwise deficient pleading in order to sustain an action. *Hudson v. Middle Flint Behavioral Healthcare*, 522 Fed. Appx. 594, 596 (11th Cir. June 20, 2013) (citing *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). A district court lacks subject-matter jurisdiction over a removal action when it does not have "original jurisdiction over the *plaintiff's* claims." *Univ. of S. Ala. v. Am. Tobacco Co.*,

7

AO 72A
(Rev.8/82)

168 F.3d 405, 410 (11th Cir. 1999) (emphasis added). Said another way, removal is proper if the plaintiff's case originally could have been filed in federal court. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). While a defendant is entitled to remove to the appropriate federal district court any civil action over which district courts have original jurisdiction, *see* 28 U.S.C. §§ 1331 and 1441(a), a plaintiff "is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (citation omitted).

Original jurisdiction under § 1441 arises if there is diversity of citizenship or the complaint presents a federal question. *See* 28 U.S.C. § 1441(b); *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352 n.2 (11th Cir. 2003); *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). "The district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Further, "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as

to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). Because removal from a state court constitutes an infringement upon state sovereignty, the removal requirements must be strictly construed and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

Defendant's notice of removal alleges that subject matter jurisdiction is based upon federal question, in that removal is based upon the Due Process Clause of the Fourteenth Amendment of the United States Constitution. [Doc. 1-1 at 2]. Defendant provides no facts or explanation of why this amendment applies to this case. [*Id. passim*].

Given Defendant's *pro se* status, the Court will discuss both diversity-of-citizenship and federal-question jurisdiction as bases supporting removal.

### A. *Diversity-of-Citizenship Jurisdiction*

Under 28 U.S.C. § 1332, district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Because the relevant inquiry on a motion to remand is whether the case could have originally been brought in district

9

court, the Court looks to the plaintiff's complaint to determine if removal was appropriate. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Counterclaims should not be considered in the calculation of the amount in controversy in a removal action because they are not a part of the plaintiff's complaint. *First Guar. Bank & Trust Co. v. Reeves*, 86 F. Supp. 2d 1147, 1153 (M.D. Fla. 2000). The sufficiency of the amount in controversy is measured at the time of filing of the complaint. *Travelers Ins. Co. v. Greenfield*, 154 F.2d 950, 952 (5th Cir. 1946); *see also St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 293 (1938) (amount in controversy is judged at the time of filing; subsequent events will defeat jurisdiction only if they show the plaintiff lacked good faith in claiming the higher amount at the time of filing); *Grinnell Mutual Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997).

Accordingly, the amount in controversy in this case is the amount that Plaintiff sued upon which is unspecified. Indeed, the activity about which Plaintiff complains appears to be a garden-variety action to regain possession of a rented dwelling. [*See* Doc. 1-1 at 5]. A dispossessory proceeding is a dispute over the limited right to possession, and not a dispute over ownership. *Novastar Mortg., Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001) (Pannell, J.) *aff'd*, 35 Fed. Appx. 858

AO 72A
(Rev.8/82)

(11th Cir. Apr. 16, 2002). Thus, "[t]he amount claimed by the plaintiff cannot be measured by the value of the underlying land." *Id.* Plaintiff has neither argued, nor provided any information indicating that the value of his right to possession of the Property exceeds $75,000. Thus, Defendant's removal of Plaintiff's complaint on the basis of diversity of citizenship is invalid because the amount in controversy as reflected in Plaintiff's complaint does not exceed $75,000.

Even if the amount in controversy exceeded $75,000, Defendant's removal is not supported by diversity of citizenship jurisdiction because under § 1441, Defendant, a citizen of Georgia, is not allowed to remove the action on the basis of diversity of citizenship. [Doc. 1-2 at 2 (indicating that Defendant is a citizen of the State of Georgia)]. Under § 1332, an in-state plaintiff may invoke diversity jurisdiction in a federal court that sits in the state where the plaintiff resides. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). However, the removal statute does not provide an in-state defendant the same flexibility in removing cases. *Id.* at 89-90 ("The scales are not evenly balanced" for plaintiffs bringing a case under diversity jurisdiction and for defendants removing a case under diversity jurisdiction.). Instead, 28 U.S.C. § 1441(b) bars removal on the basis of diversity if the "part[y] is a citizen of the State in which [the] action is brought." *Lincoln Prop. Co.*, 546 U.S. at 90

11

AO 72A
(Rev.8/8
2)

(quoting 28 U.S.C. § 1446(b)); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996). Stated another way, Defendant, a citizen of Georgia, cannot remove the case to a federal court in Georgia because Plaintiff brought the action in Georgia. *See Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (stating that "[w]hen a case is removed based on diversity jurisdiction, as this case was, the case must be remanded to state court if . . . one of the defendants is a citizen of the state in which the suit is filed" and citing § 1441(b)); *Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1327 (11th Cir. 2010) (same). The Court finds that § 1441(b) does not permit removal of this action on diversity grounds to the Northern District of Georgia because Defendant is a citizen of the State of Georgia, which is the state where Plaintiff brought the state court action to dispossess.

Thus, Defendant may not remove the state court action on diversity-of-citizenship grounds.

### B. *Federal Question Jurisdiction*

A federal question exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private

12

AO 72A
(Rev.8/8
2)

remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998). "To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1013 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a Defendant may not remove a case to federal court on [a federal question] basis, even though a possible defense might involve a federal question."). The removing defendant bears the burden of proving that a federal question exists. *See Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Plaintiff's complaint asserts no more than claims for dispossession, decidedly state-law claims. There is no indication that Plaintiff's claims are based on a federal statute or upon the federal constitution. To the extent that Defendant is trying to assert as a defense that Plaintiff did not comply with the United States Constitution, as noted above, a federal question presented as a defense is not a proper basis for removal of a complaint. *Pretka v. Kolter City Plaza II. Inc.*, 608 F.3d 744, 766 n.20 (11th Cir. 2010); *Kemp*, 109 F.3d at 712 ("Because a federal question must appear on the face of the

13

plaintiff's complaint to satisfy the well-pleaded complaint rule, a defense which presents a federal question can not create removal jurisdiction. Thus, a case may not be removed to federal court on the ground of a federal question defense alone, even if that defense is valid."). Similarly, counterclaims, even when they raise federal issues, do not by themselves provide the court with subject matter jurisdiction. *Vaden*, 556 U.S. at 60; *Pretka*, *id.*; *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 821-22 (9th Cir. 1985) (counterclaim under ERISA fails to render case removable)).

Since any potential federal law issues are related only to Defendant's alleged defenses and counterclaims, no federal law is an essential element of Plaintiff's state law claim. As a result, there is no subject matter jurisdiction supporting the removal, and this case should be remanded to the Magistrate Court of Clayton County.

## IV. *Conclusion*

For the reasons stated above, Defendant's application to proceed *in forma pauperis*, [Doc. 1], is **GRANTED** but the undersigned **RECOMMENDS** that the action be **REMANDED** to the Magistrate Court of Clayton County.[4]

---

[4] The Court observes that the removal also is untimely since much more than thirty days have passed since Defendant was served. 28 U.S.C. § 1446(b). However, an untimely removal is a procedural and not a jurisdictional defect, and therefore, the Eleventh Circuit has held may not form the basis of a *sua sponte* remand. *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 n.1

14

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this the 5th day of September, 2017.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

---

(11th Cir. 2008); *Yusefzadeh v. Nelson Mullins Riley & Scarborough LLP*, 365 F.3d 1244, 1245 (11th Cir. 2004); *In Re Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir. 1997).

AO 72A
(Rev.8/82)